Loring, J.,
dissenting:
I think the amount of the appropriation in the statute limited the power of the Secretary, and all acting under him, and *87 that neither he nor they could contract beyond it, either in the original contract or by any supplementary contract, for additions and extras.
But the appropriation for the'building was $146,000, and the contract price $138,000; and this left $8,000, which, on the facts, I think can be appropriated to the extras. I understand the facts to be, that the original contract stipulated that all contracts for extras, &c., should be “ agreed upon in writing between the parties,” and that the contractor desired the extras, &c., called for and required, should beso agreed upon in writing, and the officers and agents of the government refused and prevented this.
And upon these facts I think it is not competent for the United States to object that such extras were not “ agreeduponin writing.” An individual cannot object the nonperformance of a stipulation in a contract when he has himself prevented its performance; and I think the same rule binds the United States here. The refusal to make the agreement in writing was, it is true, the act of their agents, but the United States are liable for the failure or refusal of their officers to perform a contract or any stipulation in it; and it is on that ground that damages are awarded, in actions for breach of contract, here.
I think, therefore, the claimant is entitled to recover for the* extras, &c., required and furnished, and not put in writing, to the amount of $8,000, by which the appropriation exceeded the contract price, exactly as he would have been if such extras, &c., had been agreed upon in writing.
And that the United States waived the express contract and made a new implied contract, by accepting the building at its increased cost, I think is not proved; for that would require the action of Congress, and none is shown. And all that is shown, is the action of an executive department in entering upon and using a building designed for its use; and that is to be referred to the performance of its own proper official duty, which has no connection with or reference to a contract with the claimant.
It may be that the claimant has been very unjustly dealt with, and subjected to great loss, but his application for relief for that must be to Congress and not to this court, whose power, I think, is limited by the statute making the appropriation.